# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ELMER LEE JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:23-CV-51-ACL |
| | ) |
| STERLING AKINS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of a document titled, 'Affidavit Default Judgment,' which will be construed as a Motion for Entry of Clerk's Default against the sole defendant Sterling Akins. ECF No. 11. The Court has carefully reviewed the motion and supporting documents, ECF No. 12, as well as the proof of service form, ECF No. 9. For the following reasons, the Court has determined that service was not properly effectuated upon defendant Akins. Consequently, the Court will deny the instant motion for an entry of default and direct plaintiff to re-issue service.

Plaintiff filed this action on a form 'Complaint for a Civil Case Alleging Breach of Contract' pursuant to diversity jurisdiction, 28 U.S.C. § 1332. ECF No. 1. Plaintiff names one defendant, Sterling Akins. Plaintiff paid the Court's $402.00 filing fee with the submission of his complaint. Because plaintiff paid the full filing fee, he is responsible for properly serving defendant Akins pursuant to Rule 4 of the Federal Rules of Civil Procedure.

The Court received plaintiff's proof of service upon defendant Akins on May 23, 2023. ECF No. 9. Upon review of the proof of service, the Court finds that defendant was not personally served. Instead, service was accepted by "Melita Johnson – General Counsel" for the Veterans Affairs. Because there is no indication that defendant was personally served under Fed. R. Civ. P.

4, this Court will deny the instant motion for a clerk's entry of default. "A defendant must have been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure in order to be held accountable for failing to plead or otherwise defend." *T–Mobile USA, Inc. v. Yoak*, 2011 WL 1257923, at *1 (E.D. Mo. Apr. 4, 2011).

The clerk will issue an entry of default for plaintiff if he can show that the named defendant in this action was properly served under Rule 4 and defendant subsequently failed to appear in Court. Fed. R. Civ. P. 55(a). Because default judgment is only proper where defendant has received notice through proper service of process, the Court must first verify that defendant was properly served. Service must be personal, and it is not proper if served on a coworker or supervisor. *See e.g.*, *Strahan v. Fibbs, et al.*, Case No. 1:21-CV-28-SNLJ (E.D. Mo. Oct. 21, 2022), at ECF No. 33.

Here, the proof of service filed by plaintiff indicates that 'Melita Johnson,' not defendant Akins, received service. Plaintiff brings this action against defendant Akins only, not Melita Johnson or the Veterans Affairs. There is no indication in the documentation that Melita Johnson is an agent authorized by appointment or law to accept service on behalf of defendant. Fed. R. Civ. P. 4(e)(2)(C).

As of this date, defendant Akins has not answered plaintiff's complaint and no one has entered an appearance on his behalf. Therefore, the Court will direct plaintiff to re-issue process on defendant Akins. Summons must be delivered to defendant Akins, not a third party.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's 'Affidavit Default Judgment,' construed as a Motion for Entry of Clerk's Default against defendant Sterling Akins [ECF No. 11] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this Memorandum and Order, plaintiff shall re-issue service upon defendant Sterling Akins. Service must be personal and not delivered to a third-party.

**IT IS FURTHER ORDERED** that a copy of the proof of service for the defendant shall be filed in this matter.

Dated this 27th day of June, 2023.

                                            ABBIE CRITES-LEONI
                                            UNITED STATES MAGISTRATE JUDGE