## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ELMER LEE JEFFERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-CV-51-ACL |
| STERLING AKINS, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of self-represented plaintiff Elmer Lee Jefferson to serve defendant Sterling Akins "by publishing a notice in a legal newspaper." ECF No. 17. Also before the Court is plaintiff's filing of a form "Summons on a Third-Party Complaint" directed at "Melita Johnson – General Counsel – Veteran[s] Affairs." ECF No. 18-1. For the following reasons, plaintiff's request to serve defendant Akins by publication will be denied, and the 'Summons on a Third-Party Complaint' will be stricken from the record.

### Background

Plaintiff filed this action on April 6, 2023 against one defendant, Sterling Akins. ECF No. 1. Plaintiff paid the Court's $402.00 filing fee with the submission of his complaint. Because plaintiff paid the full filing fee, he is responsible for properly serving defendant Akins pursuant to Rule 4 of the Federal Rules of Civil Procedure.

The Court received plaintiff's proof of service upon defendant Akins on May 23, 2023. ECF No. 9. However, upon review of the proof of service, the Court found defendant was not properly personally served because the summons was accepted by "Melita Johnson – General Counsel" for the Veterans Affairs. ECF No. 13. There was no indication on the form that Melita Johnson is an agent authorized by appointment or law to accept service on behalf of defendant.

Consequently, the Court directed plaintiff to re-issue process on defendant Akins. Plaintiff was instructed that summons must be delivered to defendant Akins, and not a third party. The Court further required plaintiff to submit a copy of the proof of service.

On July 3, 2023, plaintiff mailed a 'Notice to Court' accusing Melita Johnson of obstructing justice, and asserted his intent to re-issue service upon defendant by a process server. ECF No. 15. Plaintiff did not, however, submit a copy of the proof of service form, which the Court directed him to do no later than July 27, 2023, as verification that service had been obtained. Fed. R. Civ. P. 4(*l*)(1) states that "[u]nless service is waived, proof of service must be made to the Court." Proof of service "must be by the server's affidavit." *Id.* Consequently, on August 11, 2023, the Court provided plaintiff "one *final* opportunity to properly serve defendant Akins and file the proof of service form." ECF No. 16.

## Discussion

### A. Service by Publication

On August 16, 2023, plaintiff submitted the instant "Motion to Request the Court to Serve Defendant by Publishing a Notice in a Legal Newspaper." ECF No. 17. Plaintiff claims his process server is "being blocked out of [the] Veteran[s] Affairs to prevent the Complaint from being served" because "the Officials at Veterans Affairs say that Sterling Akins wasn't there." *Id.* at 1-2. Plaintiff has not submitted an affidavit with the Court, signed by the process server, stating when service was attempted.

Rule 4, the rule which governs service in the Federal Rules of Civil Procedure, does not explicitly allow for service by publication. Rather, under Fed. R. Civ. P. 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general

2

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

"Missouri law provides that service by publication 'will not support an *in personam* judgment unless the party sought to be subjected thereto has otherwise voluntarily entered his [or her] appearance.'" *World Chess Museum, Inc. v. World Chess Fed'n, Inc.*, No. 4:12-CV-89-CEJ, 2012 WL 13065681, at *1 (E.D. Mo. Apr. 4, 2012) (quoting *Exertron L.L.C. v. M.I.K.E. Biomechanical Systems, B.V.*, No. 4:07-CV0285, 2007 WL 1567041, at *1 (E.D. Mo. 2007)). "[A] monetary judgment against a defendant served by publication is not permissible." *Exertron L.L.C.*, 2007 WL 1567041 at *1. Here, plaintiff seeks monetary relief in the amount of $250,000. *See* ECF No. 1 at 4.

Missouri law provides for service by publication in cases involving *in rem* or *quasi in rem* civil actions. *See* Mo. Rev. Stat. §§ 506.160 (service by publication allowed for cases involving a fund, will, trust, estate, or any res or status within the court's jurisdiction, or in any proceedings in which notice by mail or publication is authorized, including quiet title and actions to ascertain and determine title to real estate); and Mo. S. Ct. R. Civ. P. 54.12 (service by publication allowed in *in rem* and *quasi in rem* civil actions). Here, plaintiff alleges defendant Akins violated Title VI of the Civil Rights Act of 1964 by excluding him from "federally assisted programs on the grounds of race, color, or national origin." ECF No. 1 at 4. Missouri Law does not provide for service by publication in the type of case plaintiff is attempting to file here. Therefore, plaintiff's request for an order permitting service by publication is denied.

**Because plaintiff has paid the full filing fee, the Court emphasizes that he is responsible for serving the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. If plaintiff cannot serve the defendant at his alleged place of employment, it is**

3

**plaintiff's responsibility to discover an alternative address or means for serving defendant, which does not include publication.** Listed below are two options for service of process. Plaintiff must follow one of these two options.

Option 1: Plaintiff may serve defendant with a summons. To do so, plaintiff must submit to the Court: i) a filed-stamped copy of his complaint; ii) two (2) completed summons forms (AO Form 440); and iii) two (2) completed "Notice of Intent to Use Private Process Server" forms. The "Notice of Intent to Use Private Process Server" form must include the name and address of the process server who will be effectuating service upon defendant . Plaintiff must complete these forms and return them to the Clerk's Office. Once plaintiff submits these forms, the Clerk's Office will sign and seal his summons and return them to him. The summons must then be served upon defendant by a private process server, and return of service must be filed with the Court. Attached to this Order are the necessary forms for service of the complaint by summons. Or in the alternative,

Option 2: Plaintiff has the option of electing to serve defendant with the Wavier of Service form pursuant to Federal Rule of Civil Procedure 4(d). If plaintiff uses this option, he must fill out two (2) Waiver of Service forms and send them, along with a copy of the complaint and a self-addressed and stamped envelope, to defendant.[1] The Court will order the Clerk to forward these forms with the copy of this Order. If defendant chooses not to waive service, plaintiff will then need to use a private process server as described above in Option I.

---

[1] If plaintiff chooses to serve defendant by waiver, he should file a notice with the Court informing the Court of his intention. Additionally, after defendant signs one copy of the waiver and returns it to plaintiff, plaintiff should file his copy of the signed waiver with the Court.

4

The Court will once again provide plaintiff with an opportunity to personally serve defendant Sterling Akins. Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This action was filed on April 6, 2013. Plaintiff is beyond the 90 days allotted for him to effectuate service. Plaintiff is not excused from the service requirement simply because his process server is allegedly unable to effectuate service upon defendant at his place of employment. If plaintiff does not successfully serve defendant Akins or obtain a waiver of service within thirty (30) days of the date of this order, this action will be dismissed without prejudice and without further notice from the Court.

### B. Summons on a Third-Party Complaint

On August 17, 2023, plaintiff filed a form "Summons on a Third-Party Complaint" directed at "Melita Johnson – General Counsel – Veteran[s] Affairs." ECF No. 18-1. There is no third party to this case. Rule 14(a)(1) of the Federal Rules of Civil Procedure allows a *defendant* to, "as a third-party plaintiff, serve . . . a nonparty who is or may be liable to it for all or part of the claim against it." Because Melita Johnson is not a party to this action, the Summons on a Third-Party Complaint directed at "Melita Johnson – General Counsel – Veteran Affairs" will be stricken from the record.

To the extent plaintiff is attempting to add Melita Johnson or the Veteran's Affairs as a second defendant in this action, it is *not* appropriate to do so through a Summons Form. Plaintiff can either file a new lawsuit against Ms. Johnson by completing the Court's 'Civil Complaint' form, or he may attempt to amend his pleadings by following the proper procedure outlined in Fed.

R. Civ. P. 15 and complying with the joinder rules under Fed. R. Civ. P. 20. The Court emphasizes that Fed. R. Civ. P. 20(a) prohibits a plaintiff from joining in a single lawsuit a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Request the Court to Serve Defendant by Publishing a Notice in a Legal Newspaper [ECF No. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff must serve defendant Sterling Akins within **thirty (30) days of the date of this Memorandum and Order**. No further extensions will be permitted.

**IT IS FURTHER ORDERED** that the Summons on a Third-Party Complaint directed at Melita Johnson [ECF No. 18-1] is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that failure to timely comply with this Order will result in the dismissal of defendant Sterling Akins from this cause of action without prejudice and without further notice from the Court.

Dated this 28th day of August, 2023.

*abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE