UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ELMER LEE JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-CV-51-ACL |
| | ) |
| STERLING AKINS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the file. Self-represented plaintiff Elmer Lee Jefferson failed to comply with this Court's August 11, 2023 and October 10, 2023 Orders directing him to file a completed proof of service form against the sole defendant. The Court warned plaintiff that a failure to comply would result in dismissal of this action. Therefore, this action will be dismissed without prejudice pursuant to Rule 4 of the Federal Rules of Civil Procedure and for plaintiff's non-compliance with Court Orders pursuant Rule 41(b) of the Federal Rules of Civil Procedure. Additionally, the Court will deny plaintiff's pending Motion for the Clerk's Office to Provide a Bill of Costs, Motion for Disqualification, and Request for Entry of Default. ECF Nos. 21, 23, and 24.

Plaintiff filed this action on April 6, 2023 against one defendant, Sterling Akins. ECF No. 1. Plaintiff paid the Court's full filing fee with the submission of his complaint. Because plaintiff paid the filing fee, he is responsible for properly serving defendant Akins pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Court received plaintiff's proof of service upon defendant Akins on May 23, 2023. ECF No. 9. However, upon review of the proof of service, the Court found defendant was not properly personally served. Consequently, the Court directed plaintiff to re-issue process on defendant Akins. ECF No. 13. Plaintiff was instructed that summons must be

delivered to defendant Akins, not a third party, and he must submit a copy of the proof of service. *Id.* Plaintiff was provided with the link to access the correct form on the website for the Eastern District of Missouri.

After plaintiff failed to comply, the Court issued another Order on August 11, 2023 providing plaintiff "one *final* opportunity to properly serve defendant Akins and file the proof of service form." ECF No. 16. In response to the Order, plaintiff submitted a motion requesting the Court to permit him to serve defendant Akins by newspaper. ECF No. 17. The Court denied the request and, for a third time, directed plaintiff to serve the defendant by a private process server and file the return of service with the Court. ECF No. 19.

On September 25, 2023, plaintiff filed a two-page document with the Court. ECF No. 20. The document is a photocopy of email correspondence from "Same Day Process Service" to plaintiff. The body of the email is as follows:

> Same Day Process Service reference number: 303719
> Clients Internal reference number: Elmer Jefferson
> Customer Internal reference number:
> Court: United States District Court for the Eastern District of Missouri
> Court County:
> Plaintiff: Elmer Jefferson
> Defendant: Sterling Akins
> Case Number: 1:23-cv-00051-ACL
> Documents to be Served: Summons in a Civil Action; Notice of Electronic Filing; Complaint
> Servee: Sterling Akins

*Id.*

While this email appeared to indicate that a private process server was hired to effectuate service upon defendant Akins, plaintiff did not, however, submit an affidavit with the Court, signed by the process server, stating when service was attempted and completed. Fed. R. Civ. P. 4(*l*)(1) states that "[u]nless service is waived, proof of service must be made to the Court." Proof of service

"must be by the server's affidavit." *Id.* On October 10, 2023, the Court explained this requirement to plaintiff for a fourth time and provided him seven days to file a completed proof of service form (AO 440) as verification that service has been obtained upon defendant Sterling Akins. The Court warned it would not provide any further extensions and that failure to comply would result in the dismissal of this action without prejudice and without further notice from the Court. Rule 4(m) of the Federal Rules of Civil Procedure states, "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant[.]"

In response, plaintiff filed a motion seeking to disqualify Magistrate Judge Abbie Crites-Leoni from this action and a motion for entry of default judgment against defendant Akins. Plaintiff seeks disqualification on the basis that this "Court has shown impartiality toward the plaintiff by changing its orders to benefit the defendant by covering up corruption in the proceeding" and "defraud[ing] plaintiff of monetary damages." This baseless allegation fails to evidence any impartiality in this matter. As such, plaintiff's motion for disqualification will be denied. *See Dossett v. First State Bank*, 399 F.3d 940, 952-53 (8th Cir. 2005) (internal quotations omitted) ("Adverse judicial rulings, however, almost never constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal.").

Plaintiff's motion for entry of default will also be denied. A Clerk of Court will issue an entry of default for a plaintiff if he can show that the named defendant was properly served under Rule 4 and defendant subsequently failed to appear in Court. Fed. R. Civ. P. 55(a). Because default judgment is only proper where defendant has received notice through proper service of process, the Court must first verify that defendant was properly served. Service must be personal. *See e.g., Strahan v. Fibbs, et al.*, Case No. 1:21-CV-28-SNLJ (E.D. Mo. Oct. 21, 2022), at ECF No. 33.

3

Plaintiff here, as discussed above, has not shown the Court that defendant has received notice through proper service of process. He has been directed four times to submit the proper service affidavit and has continuously failed to do so.

Therefore, this action will be dismissed without prejudice due to plaintiff's failure to serve defendant according to Fed. R. Civ. P. 4 and for his failure to comply with this Court's Orders. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Lastly, plaintiff has filed a "Motion for Clerk's Office to Provide a Bill of Costs to Plaintiff in Response to its Letter Dated September 15, 2023 / Default." ECF No. 21. On September 15, 2023, the Court sent plaintiff a letter instructing the following:

> Your request for a copy of the docket sheet, received by phone on September 15, 2023, has been noted in the above styled case. Enclosed please find a free copy of your docket sheet. Requests for non-certified, and/or non-exemplified, copies of case pleadings made by this office, including additional copies of the docket sheet, will be sent upon receipt of payment at the rate of $0.50 per page. (Certified, and/or exemplified, copies are set at a higher fee rate.) If you are unable to pay for copies, please submit your request in the form of a motion.

Plaintiff argues "the way the letter is structured, it shows that the Clerk's Office will conceal records until fees are paid by plaintiff, but the plaintiff has no idea of what to pay for." Plaintiff then seeks the Clerk's Office to provide him a "Bill of Costs and to enter the Default Judgment in favor of plaintiff in this cause of action[.]"

Plaintiff's request for the Clerk's Office to provide him a Bill of Costs will be denied. As plaintiff has been notified by the Clerk, the Court does not provide free copies of documents, even if those documents were filed by the parties themselves. Plaintiff may obtain copies by requesting such documents from the Clerk of Court at the current rate of fifty (0.50) cents per page. Plaintiff may use the docket sheet that was mailed to him to reference which documents he would like

4

copied. The cost of such copies must be paid in advance and submitted with the request. If plaintiff wishes to obtain copies, he may submit his request describing the exact documents he wishes to receive and include payment. To facilitate this, the Court will again direct the Clerk to provide plaintiff with a copy of the docket sheet.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for disqualification [ECF No. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of Clerk's default against defendant Sterling Akins [ECF No. 24] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Clerk's Office to Provide a Bill of Costs to Plaintiff in Response to its Letter Dated September 15, 2023 / Default" [ECF No. 21] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the docket sheet.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

**IT IS HEREBY CERTIFIED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 23rd day of October, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE