UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ELMER LEE JEFFERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 1:23-CV-51-ACL |
| STERLING AKINS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon plaintiff Elmer Lee Jefferson's post-judgment motion titled, "Motion for Relief from a Judgment or Order under Rule 60(a); 60(b)(3) / Judicial Economy Exception to the Final Rule for Fraud / Blocked PDF." ECF No. 42. For the following reasons, the motion will be denied.

On October 23, 2023, the Court dismissed this action without prejudice pursuant to Rule 4 of the Federal Rules of Civil Procedure for plaintiff's failure to properly serve the sole defendant, and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for non-compliance with Court Orders. ECF Nos. 25, 26. Plaintiff subsequently filed a notice of appeal, ECF No. 27, and "Motion for Transfer to Another District; Washington D.C. by Clerk of District Court," ECF No. 34. On December 21, 2023, the United States Court of Appeals for the Eighth Circuit summarily affirmed this Court's dismissal. ECF No. 35; *Jefferson v. Akins*, No. 23-3486, 2023 WL 9286052, at *1 (8th Cir. 2023). On January 4, 2024, the Eighth Circuit denied plaintiff's motion to transfer this action to the D.C. Circuit. ECF No. 37. The mandate was issued on January 16, 2024. ECF No. 40.

Plaintiff filed the instant post-judgment "Motion for Relief from a Judgment or Order under Rule 60(a); 60(b)(3) / Judicial Economy Exception to the Final Rule for Fraud / Blocked PDF" on January 22, 2024. ECF No. 42. Plaintiff argues this Court did not have jurisdiction to enter a

judgment "because the Notice of Appeal and filing fees were paid in the U.S. District Court, Eastern District of Missouri, Southeastern Division in Cape Girardeau, Mo. on 11-09-23." *Id.* at 1. Plaintiff appears to argue that because this Court did not have jurisdiction, it should have transferred the action to another court. *Id.* at 3.

Under Rule 60(a), "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment[.]" Fed. R. Civ. P. 60(a). Similarly, under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for" specified reasons including "(1) mistake, inadvertence, surprise, or excusable neglect, . . . (2) newly discovered evidence . . . (3) fraud . . . or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

Here, plaintiff's motion does not present any non-conclusory allegations or exceptional circumstances warranting extraordinary relief under Rule 60. None of plaintiff's alleged grievances support his contention that this Court lacked jurisdiction to adjudicate this action and issue a dismissal order, that a clerical mistake occurred that requires correction, or that this Court was obligated to transfer this action to the D.C. Circuit. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Relief from a Judgment or Order under Rule 60(a); 60(b)(3) / Judicial Economy Exception to the Final Rule for Fraud / Blocked PDF" [ECF No. 42] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 30th day of January, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE