UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ELMER LEE JEFFERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-CV-51-ACL |
| STERLING AKINS, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon plaintiff Elmer Lee Jefferson's post-judgment motion titled, "Motion to Vacate and Set Aside the Order and Default Judgment," ECF No. 44, a motion to proceed *in forma pauperis*, ECF No. 45, and a motion to appoint counsel, ECF No. 46. For the following reasons, the motions will be denied.

On October 23, 2023, the Court dismissed this action without prejudice pursuant to Rule 4 of the Federal Rules of Civil Procedure for plaintiff's failure to properly serve the sole defendant, and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for non-compliance with Court Orders. ECF Nos. 25, 26. Plaintiff subsequently filed a notice of appeal, ECF No. 27, and "Motion for Transfer to Another District; Washington D.C. by Clerk of District Court," ECF No. 34. On December 21, 2023, the United States Court of Appeals for the Eighth Circuit summarily affirmed this Court's dismissal. ECF No. 35; *Jefferson v. Akins*, No. 23-3486, 2023 WL 9286052, at *1 (8th Cir. 2023). On January 4, 2024, the Eighth Circuit denied plaintiff's motion to transfer this action to the D.C. Circuit. ECF No. 37. The mandate was issued on January 16, 2024. ECF No. 40. On January 22, 2024, Plaintiff filed a post-judgment "Motion for Relief from a Judgment or Order under Rule 60(a); 60(b)(3) / Judicial Economy Exception to the Final Rule for Fraud / Blocked PDF." ECF No. 42. The Court denied this motion under Rule 60, noting the motion only presented

conclusory allegations and failed to demonstrate exceptional circumstances warranting extraordinary relief under Rule 60. *Id*. at 3.

On October 6, 2025, plaintiff filed the instant post-judgment "Motion to Vacate and Set Aside the Order and Default Judgment." ECF No. 44. Again, Plaintiff argues he is entitled to relief under Rule 60(b). Plaintiff claims Rule 60(b)(3) applies here as the Court deliberately concealed the proof of service of a valid summons, which amounts to fraud or misconduct under the rule. *Id*. at 3. He also argues that the Court was incorrect when it determined that the proof of service was insufficient. *Id*. at 4-5. Plaintiff's arguments are contradicted by the facts of the case. This Court already explained in several orders that the plaintiff failed to properly serve the defendant. Plaintiff was given several opportunities by the Court to provide proper service, and when he failed to do so, his case was dismissed.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Plaintiff's allegations are contradicted by the record in this case, which shows that proof of service was received by the Court. ECF No. 9. The Court did not conceal this but determined that the proof of service was insufficient. Plaintiff now wants to re-argue this issue, which is not the purpose of a Rule 60(b) motion. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Vacate and Set Aside the Order and Default Judgment" [ECF No. 44] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to proceed *in forma pauperis* [ECF No. 45] and motion to appoint counsel [ECF No. 46] are **DENIED**.

Dated this 6th day of January, 2026.

                                                */s/ Abbie Crites-Leoni*
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE