**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-51-ACL |
| | ) | |
| STERLING AKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This closed civil matter is again before the Court upon Plaintiff Elmer Lee Jefferson's motion for reconsideration, ECF No. 49, and a motion for disqualification/recusal, ECF No. 50. For the following reasons, the motions will be denied.

On October 23, 2023, the Court dismissed this action without prejudice pursuant to Rule 4 of the Federal Rules of Civil Procedure for plaintiff's failure to properly serve the sole defendant, and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for non-compliance with Court Orders. ECF Nos. 25, 26. Plaintiff subsequently filed a notice of appeal, ECF No. 27, and "Motion for Transfer to Another District; Washington D.C. by Clerk of District Court," ECF No. 34. On December 21, 2023, the United States Court of Appeals for the Eighth Circuit summarily affirmed this Court's dismissal. ECF No. 35; *Jefferson v. Akins*, No. 23-3486, 2023 WL 9286052, at \*1 (8th Cir. 2023). On January 4, 2024, the Eighth Circuit denied Plaintiff's motion to transfer this action to the D.C. Circuit. ECF No. 37. The mandate was issued on January 16, 2024. ECF No. 40. On January 22, 2024, Plaintiff filed a post-judgment "Motion for Relief from a Judgment or Order under Rule 60(a); 60(b)(3) / Judicial Economy Exception to the Final Rule for Fraud / Blocked PDF." ECF No. 42. The Court denied this motion under Rule 60, noting the motion only presented

conclusory allegations and failed to demonstrate exceptional circumstances warranting extraordinary relief under Rule 60. *Id*. at 3.

On October 6, 2025, plaintiff filed a post-judgment "Motion to Vacate and Set Aside the Order and Default Judgment." ECF No. 44. Again, Plaintiff argued he is entitled to relief under Rule 60(b) because he believed the Court improperly determined that his service was insufficient. The Court denied this motion on January 6, 2026, noting that Plaintiff's motion merely re-litigated his prior claims that were already considered and denied. ECF No. 48.

Plaintiff filed the instant motions on January 12, and January 20, 2026. ECF Nos. 49 and 50. Plaintiff again argues that this Court is in error as to the issue of his service being insufficient.. There are no new or novel arguments contained in the motions before this Court. The Court will therefore deny the motions and direct the Clerk to return any future documents to Plaintiff unfiled.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [ECF No. 49] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for disqualification/recusal [ECF No. 50] is **DENIED**.

**IT IS FURTHER ORDERED** that, should Plaintiff submit any additional documents in this closed matter, the Clerk of Court shall return them to Plaintiff unfiled.

Dated this 21st day of May, 2026.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

2